IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE: : CASE NO. 04-11517

CARLOS E. MARRERO MEDINA;
CARMEN M. MEDINA RODRIGUEZ : CHAPTER 13

Debtors :

## OPINION AND ORDER

Before the court is the Application for Compensation filed by Debtors' counsel, Frances Caraballo Pietri (hereinafter referred to as "Attorney Caraballo"), on September 30, 2009. On October 28, 2009 the Chapter 13 Trustee filed his position regarding Attorney Caraballo's request for additional compensation (Docket No. 82) in which he discloses that this is Attorney Caraballo's third application for additional compensation and that the base of Debtors' plan is insufficient to disburse the additional fees requested by Attorney Caraballo. Attorney Caraballo on November 6, 2009 filed an Opposition to Trustee's Position on Counsel Request for Attorney Fees (Docket No. 83) and supplemented said motion on November 9, 2009 (Docket No. 84). For the reasons stated below, Attorney Caraballo's Application for Compensation is allowed to be paid partially from the excess funds the Chapter 13 Trustee has on hand. The remaining balance of Attorney Caraballo's request for compensation shall be paid directly by Debtors, outside of their chapter 13 plan, after discharge has been entered.

### Facts and Procedural Background

Debtors filed a chapter 13 petition on November 9, 2004, and were originally represented by Attorney José Guillermo González (hereinafter referred to as "Attorney González"). Debtors' initial filing included the Statement of Compensation pursuant to Fed. R. Bankr. P. 2016(b) which disclosed a fee of $1,500.00 for Attorney's legal services, and of which $100.00 had been paid by Debtors prior to the filing of this statement. Debtors' amended plans (Docket Nos. 2, 10 & 15) provided for the balance of $1,400.00 in attorneys' fees to be treated as a priority pursuant to 11 U.S.C. §507 of the Bankruptcy Code.

On April 27, 2006, Attorney González filed a motion to withdraw as the attorney of record due to health problems and disclosed that he was not interested in any compensation related to this case (Docket No. 36). Subsequently, on May 1, 2006, Attorney Caraballo filed a Notice of Appearance to represent Debtors in the instant case (Docket No. 37). Debtors' chapter 13 plan was confirmed on May 7, 2006 (Docket No. 41). On May 8, 2006 Attorney Caraballo filed an "Application for Compensation for Attorney Fees Pursuant to Rule 2016 Request" and the Disclosure of Compensation for Attorney for Debtor by which she requested the amount of $1,400.00 to be paid to her for providing legal services to Debtors (Docket Nos. 42 & 43). Attorney Caraballo in the Disclosure for Compensation for Attorney Debtor disclosed that the legal fee in the amount of $1,400.00 does not include motions for dismissal, lift of stay and adversary proceedings (Docket No. 43). On May 15, 2006, the court denied without prejudice Attorney Caraballo's Application for Attorneys' fees because there was no attachment filed or a statement as to the amounts being requested (Docket No. 46). On August 24, 2006, Attorney Caraballo filed an Application for Compensation which included her hourly billing report in the amount of $1,425.00 (Docket No. 49). The court granted Attorney's Caraballo Application for Compensation on September 27, 2006 (Docket No. 50).

Subsequent to Debtors' chapter 13 plan confirmation on May 7, 2006, there has been the following additional docket activity: (i) on October 2, 2008 the Chapter 13 Trustee filed a motion requesting Debtors to modify plan since the same is insufficiently funded to comply with the proposed disbursement schedule regarding priority claims (Docket No. 52); (ii) Debtors' Opposition to Trustee's Motion to Modify Plan (Docket No. 54); (iii) Order dismissing case for failure to file amended plan (Docket No. 57); (iv) Debtors' filed two (2) motions requesting reconsideration of dismissal (Docket Nos. 58 & 64); (v) on March 3, 2009, Debtors filed an amended chapter 13 plan, amended Schedules I, J and Declaration Concerning Debtors' Schedules (Docket Nos. 60, 61 & 62); (vi) a hearing was held on September 16, 2009 regarding the post confirmation modification of plan (Docket No. 78); and (vii) Debtors' answer to trustee's motion to terminate payments to claim #05 and submitting post confirmation modified plan (Docket No. 76). On April 9, 2009, Attorney Caraballo filed an Application for Compensation for the period of October 2, 2008 through April 5,

2009 in the amount of $733.50 for legal fees plus $91.31 for expenses for a total of $824.81 (Docket No. 68). On April 22, 2009 the court granted Attorney Caraballo's application for compensation in the amount of $824.81 (Docket No. 69). On September 30, 2009, Attorney Caraballo filed an Application for Compensation for the period of April 24, 2009 through September 30, 2009 in the amount of $1,420.50 for legal fees (Docket No. 81). On October 28, 2009, the Chapter 13 Trustee filed a motion presenting his position regarding Attorney's Caraballo application for additional fees (Docket No. 82). The Chapter 13 Trustee's position is that, "[t]he base of said plan is not sufficient to comply with the disbursement schedule in addition to the fees requested" (Docket No. 82). On November 6, 2009, Attorney Caraballo filed an opposition to Trustee's Position on Counsel Request for Attorney Fees alleging the following: (i) Debtors have paid the entire plan base and the Chapter 13 Trustee has a balance on hand of $549.96; (ii) counsel requested additional compensation because it provided additional legal services to Debtors such as requesting twice reconsideration of dismissal, meetings with Debtors and personnel from the Chapter 13 Trustee's Office, filing an amended chapter 13 plan and amended Schedules I and J; (iii) Attorney Caraballo's efforts resulted in two (2) creditors, namely Eurolease and Universal, refunding the Chapter 13 Trustee monies that had been overpaid by Debtors; and (iv) the Chapter 13 Trustee issued payments on October 1, 2009 to unsecured creditors Banco Popular and Simplicity Plan and for Chapter 13 Trustee's salary despite the fact that an Application for Compensation had been filed on September 30, 2009 (Docket No. 83). Lastly, Attorney Caraballo on November 9, 2009 supplemented the opposition to Trustee's Position on Counsel's Request for Attorney Fees to include that if the base of said plan is not sufficient to comply with the additional legal fees requested she would accept the Chapter 13 Trustee's balance on hand in the amount of $549.96 (Docket No. 84).

Applicable Law and Analysis

*Attorneys' Fees pursuant to 11 U.S.C. §§330(a)(4)(B), 503(b)(2), 507(a)(2) & 1322(a)(2)*

Section 330(a)(4)(B) establishes that, "[i]n a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth

in this section." 11 U.S.C. §330(a)(4)(B). Section 503(b)(2) specifically provides that administrative expenses include, "compensation and reimbursement awarded under section 330(a) of this title." 11 U.S.C. §503(b)(2). Section 507(a)(2) establishes that, "administrative expenses allowed under section 503(b) of this title" have priority. 11 U.S.C. §507(a)(2). Lastly, Section 1322(a)(2) establishes that a chapter 13 plan must, "provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. §1322(a)(2). Thus, in a chapter 13 case, the attorneys' fees to debtor's counsel pursuant to Sections 503(b)(2) and 330(a)(4)(B) are regarded as administrative expenses and have priority under Section 507(a)(2). See Jensen v. Gantz (In re Gantz), 209 B.R. 999, 1003 (B.A.P. 10th Cir. 1997) ("Attorney's fees are allowed (or denied) under 11 U.S.C. §330, and to the extent that they are rendered and allowed in connection with the bankruptcy case, are administrative expenses. Section 503[b](2) incorporates 11 U.S.C. §330. Simply put, the Code does not discharge fees awarded under 11 U.S.C. §330. Rather, fees are disallowed, allowed as an administrative expense, or allowed but must be paid by the debtor directly and not from the estate."); In re Hanson, 223 B.R. 775, 778 (Bankr. D. Or. 1998); In re Bottone, 226 B.R. 290, 295-296 (Bankr. D. Mass. 1998). Several courts have rejected the treatment of attorney's fees to debtor's counsel for postpetition and postconfirmation legal services as a postpetition claim under 11 U.S.C. §1305 and have regarded the same as an administrative expense that is afforded priority and full payment throughout the plan. See In re Hanson, 223 B.R. at 780; Cornelison v. Wallace (In re Cornelison), 202 B.R. 991, 993 (D. Kan. 1996); In re Phillips, 219 B.R. 1001, 1009 (Bankr, W.D. Tenn. 1998). Courts have used three (3) approaches in considering chapter 13 postpetition fees, namely: (i) allowed administrative expenses are not discharged; (ii) allowed administrative expenses provided in a confirmed plan are discharged upon completion of the plan payments; and (iii) allowed administrative expenses are priority claims and if insufficient time remains to pay the same through the confirmed plan, then a judgment may be entered directly against the debtor and collectible by counsel postdischarge. In re Nettleton, 2006 Bankr. LEXIS 3219 (Bankr. D. Mont. 2006).

In the instant case, Debtors' post confirmation modified plan dated September 10, 2009 (Docket No. 77) and confirmed on September 16, 2009 (Docket No. 78) disclosed a total of $2,750.00

in attorney's fees, of which $500.00 was itemized as additional fees. Attorney Caraballo did not include in the post confirmation modified plan the entire additional fee balance of $1,420.50 which she requests in her application for compensation dated September 30, 2009 (Docket No. 81). At this juncture Debtors have completed plan payments and the Chapter 13 Trustee has remaining funds in the amount of $549.96 which are subject to an audit to determine the actual payoff amount. It would not be in the best interest of the debtor and the estate for Attorney Caraballo to request another postconfimation plan modification only for the collection of attorney fees. Also, the time limitation imposed by 11 U.S.C. §1322(d)[1] bars a chapter 13 plan to propose payments over a period that exceeds five (5) years, and 11 U.S.C. 1329(a) of the Bankruptcy Code prohibits postconfirmation modifications of chapter 13 plans after completion of payments under such plans.

In view of the foregoing, the court grants Attorney Caraballo's application for compensation to be paid partially from the excess funds the Chapter 13 Trustee has on hand. The remaining balance of Attorney Caraballo's request for compensation shall be paid by Debtors directly and outside of the plan, after discharge has been entered.

In view of the foregoing, Attorney Caraballo's Application for Compensation is hereby GRANTED.

Judgment shall be entered accordingly.

In San Juan, Puerto Rico, this 11th day of May, 2010.

_____
ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge

---

[1] 11 U.S.C. §1322(d) of the Bankruptcy Code is the applicable section for cases filed prior to the BAPCPA amendments which were effective on or after October 17, 2005.